JS 44   (Rev. 06/17)   *JCJ*

# CIVIL COVER SHEET

**19   2295**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
I. Dean Fulton

**DEFENDANTS**
Superintendent, SCI Frackville, Office of Attorney General

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Cheryl J. Sturm, 387 Ring Road, Chadds Ford, PA 19317
484-771-2000

Attorneys *(If Known)*
Office of the Attorney General, Strawberry Square, Harrisburg, PA
17120

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
      Plaintiff
- ☒ 3  Federal Question
      *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government
      Defendant
- ☐ 4  Diversity
      *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| | Medical Malpractice | | Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☒ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | Agency Decision |
| ☐ 245 Tort Product Liability | Accommodations | ☒ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original
      Proceeding
- ☐ 2  Removed from
      State Court
- ☐ 3  Remanded from
      Appellate Court
- ☐ 4  Reinstated or
      Reopened
- ☐ 5  Transferred from
      Another District
      *(specify)*
- ☐ 6  Multidistrict
      Litigation -
      Transfer
- ☐ 8  Multidistrict
      Litigation -
      Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 2254
Brief description of cause:
Violation of 6th amendment right effective counsel, violation of 6th and 14th amendments, denial of due process

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions:)*
JUDGE _____   DOCKET NUMBER _____

DATE
05/23/2019

SIGNATURE OF ATTORNEY OF RECORD
*Cheryl J. Sturm*

MAY 24 2019

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JCJ

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

I. Dean Fulton

v.

Superintendent, SCI Frackville, et al

CIVIL ACTION

NO. 19  2295

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( ✓ )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

5/23/19                 Cheryl Storm                 I. Dean Fulton
**Date**                 **Attorney-at-law**                 **Attorney for**

484-771-2000             484-771-2008               Sturmcj@aol.com

**Telephone**             **FAX Number**             **E-Mail Address**

(Civ. 660) 10/02

MAY 24 2019

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   2295**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **SCI Frackville, 1111 Altamont Blvd., Frackville, PA 17931**

Address of Defendant: SSCI Frackville, 1111 Altamont Blvd., Frackville, PA 17931, Office of Attorney General, Strawberry Square, Harrisburg, PA 17120

Place of Accident, Incident or Transaction: **Easterrn District of Pennsylvania**

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **05/23/2019**   _____   **40353**
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☑ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.   Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Cheryl J. Sturm**, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: **05/23/2019**   _____   **40353**
   *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

MAY 24 2019

Civ. 609 (5/2018)

CHERYL J. STURM
ATTORNEY AT LAW
387 Ring Road
Chadds Ford, Pa. 19317
484-771-2000
Fax: 484-771-2008

307 Loch Lomond Road
Rancho Mirage, CA 92270

Member of the PA Bar

*Kindly direct all correspondence to Chadds Ford, Pennsylvania*

May 23, 2019

Clerk of the Court
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: Fulton v. Superintendent, SCI Frackville, et al.
    Civil Action No._____

Dear Sir or Madam:

Enclosed for filing please find the original and three copies of a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254, my check in the amount of $5.00, a civil cover sheet, designation form and case management track designation form.

Enclosed is a postage pre-paid envelope to return a copy to me.

Please note the Office of the District Attorney for Philadelphia County has been disqualified from participating in the state appellate process due to a conflict of interest and the Office of the Attorney General has been representing the Commonwealth of Pennsylvania.

Very truly yours,

Cheryl J. Sturm
Attorney at Law



## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Eastern District of Pennsylvania |
|---|---|

| Name (under which you were convicted): <br> I. Dean Fulton | Docket or Case No.: <br> 19 2295 |
|---|---|

| Place of Confinement : <br> SCI Frackville, 1111 Altamont Blvd, Frackville, PA 17931 | Prisoner No.: <br> LJ-7069 |
|---|---|

| Petitioner (include the name under which you were convicted) <br> I. Dean Fulton | v. | Respondent (authorized person having custody of petitioner) <br> Superintendent SCI Frackville |
|---|---|---|

| The Attorney General of the State of Pennsylvania |
|---|

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

 Rose Marie DeFino-Nastasi, Judge, Court of Common Pleas, Philadelphia, PA

     (b) Criminal docket or case number (if you know): CP-51-CR-0007871-2013

2.    (a) Date of the judgment of conviction (if you know): 10/17/2014

     (b) Date of sentencing: 2/11/2015

3.    Length of sentence: 9-18 years

4.    In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

6.    (a) What was your plea? (Check one)

         ☑ (1)   Not guilty      ☐ (3)   Nolo contendere (no contest)

         ☐ (2)   Guilty          ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury    ☐ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes    ☑ No

8.  Did you appeal from the judgment of conviction?

☑ Yes    ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:    PA Superior Court

(b) Docket or case number (if you know):    768EDA2015

(c) Result:    Affirmed

(d) Date of result (if you know):    5/4/2016

(e) Citation to the case (if you know):    2016 PA Super. Unpub. Lexis 1484

(f) Grounds raised:

(g) Did you seek further review by a higher state court?    ☑ Yes    ☐ No

If yes, answer the following:

(1) Name of court:    PA Supreme Court

(2) Docket or case number (if you know):    2016 PA Lexis 2415
     Denied allowance of appeal
(3) Result:

(4) Date of result (if you know):    10/25/2016

(5) Citation to the case (if you know):     2016 PA Lexis 2415

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ☐ Yes   ☑ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?     ☑ Yes   ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:     PCRA petition

(2) Docket or case number (if you know):     CO-51-CR-0007871-2013

(3) Date of filing (if you know):     1/31/2017

(4) Nature of the proceeding:     PCRA petition

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☑ No

(7) Result:     Denied

(8) Date of result (if you know):     11/2/2017

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❒ Yes    ❒ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes  ☐ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:   ☑ Yes   ☐ No

    (2) Second petition:   ☐ Yes   ☐ No

    (3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

    **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**   The conviction was obtained and sentence imposed in violation of the Sixth Amendment right to effective assistance of trial counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

  See attached

(b) If you did not exhaust your state remedies on Ground One, explain why:

At trial, defense counsel argued that Petitioner shot Dominique Jenkins in self-defense. He argued that Lamar Henderson was between Jenkins and Petitioner when he was shot in the leg and the buttocks. In an unrecorded chambers conference, trial counsel asked the judge to give an instruction under Commonwealth v. Fowlin, 551 PA 414, 710 A2d 1130 (PA 1998) that if the jury found that Petitioner shot Jenkins in self-defense, that it would have to acquit him of aggravated assault of Henderson who was a bystander caught in the middle. The trial court gave an instruction on self-defense but did not give the Fowlin instruction.

Trial counsel did not object to the omission of the Fowlin instruction. Petitioner was acquitted of the Jenkins' homicide on a theory of self-defense, but convicted of the Henderson aggravated assault. If trial counsel had made an appropriate and timely objection to the omission of the Fowlin instruction, Petitioner would have been acquitted of aggravated assault. The failure to object also deprived Petitioner of the right to appeal the omission of the Fowlin instruction. GVI v. Forte, 865 F2d 59, 64 (3d Cir. 1989)

(c)     **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?   ☑ Yes   ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑ Yes   ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   PCRA petition

Name and location of the court where the motion or petition was filed:
   Trial court functioning as the PCRA court

Docket or case number (if you know):   CP-51-CR-7870 and 7871-2013

Date of the court's decision:   11/2/2017

Result (attach a copy of the court's opinion or order, if available):
Denied

    (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

    (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☑ Yes   ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
   PA Superior

Docket or case number (if you know):   3614 EDA 2017

Date of the court's decision:   8/30/2018

Result (attach a copy of the court's opinion or order, if available):
   Affirmed

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:

**GROUND TWO:**
The conviction was obtained and sentence imposed in violation of the Sixth and Fourteenth Amendment rights to have the jury determine all facts necessary for a conviction on aggravated assault

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The trial record indicates that Lamar Henderson was shot at the same time Dominique Jenkins was shot by Petitioner. The record indicates that Henderson was standing between the Jenkins and Petitioner when he was shot. The record indicates that Petitioner was acquitted on the theory of self-defense. The record indicates that Petitioner was not given the benefit of a Fowlin instruction. The jury was not informed that under Fowlin, if it acquitted on a theory of self-defense that it should acquit Petitioner of aggravated assault if it found that Henderson was shot while Petitioner was defending himself from Jenkins. These were issues for a properly instructed jury. They were not issues for the judge. The failure (refusal) to give the jury the Fowlin instruction denied the right to a jury trial. If the Fowlin instruction had been given, there was at least a reasonable probability Petitioner would have been acquitted of aggravated assault.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     PCRA petition

Name and location of the court where the motion or petition was filed:
PCRA Court

Docket or case number (if you know):     CP-51-CR-0007870-7871-2013

Date of the court's decision:     11/2/2017

Result (attach a copy of the court's opinion or order, if available):
Denied

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
PA Superior

Docket or case number (if you know):    3614 EDA 2017

Date of the court's decision:    8/30/2018

Result (attach a copy of the court's opinion or order, if available):
Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :
have used to exhaust your state remedies on Ground Two
Petition for allowance of appeal

**GROUND THREE:**
Denial of due process of law when the trial court and later the PCRA court made findings of fact contrary to

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
the facts in the trial transcript. It is well settled that the trial transcript is the official record. Commonwealth v. Stewart, 84 A3d
701, 710 (PA Super. 2013), Commonwealth v. Africa, 466 PA 603, 353 A2d 855 (PA 1976). Accordingly, if a judicial opinion
deviates from the trial transcript, it must be disregarded. In this case, Lamar Henderson testified that he was standing between
Petitioner and Dominique Jenkins when he was shot. [Tr. 192]. He stated he could not run away because he had been shot. [T
133-134]. The trial court and the PCRA Court state that Henderson was shot while running away which is a perversion of the
trial transcript intended to support the trial court's false facts. This perversion denies due process.

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☑ Yes    ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☐ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

     ☐ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction? ☑ Yes ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging? ☐ Yes ☑ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:

Arnold Silverstein and Larry Krasner

(d) At sentencing:
Cheryl Sturm


(e) On appeal:

Cheryl Sturm

(f) In any post-conviction proceeding:

Cheryl Sturm

(g) On appeal from any ruling against you in a post-conviction proceeding:

Cheryl Sturm


17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?        ❏ Yes   ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:
Petitioner has a pending case arising from Commonwealth v. Fulton, 179 A3d 475 (PA 2018). The Commonwealth
has decided to retry the case.

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?        ❏ Yes   ❏ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*
The instant petition is timely. The conviction became "final" 1/23/17 or ninety days after 10/25/16.
The pro-se PCRA petition was filed 1/31/17 after expiration of 8 days on the AEDPA time clock. The
PA Supreme Court denied relief 4/30/19.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

Grant habeas corpus. Grant a new trial or dismiss the charges of aggravated assault and VUFA

or any other relief to which petitioner may be entitled.

_Cheryl Sturm_
Signature of Attorney (if any)

CHERYL J. STURM, Attorney at Law
387 RING ROAD
Chadds Ford, PA 19317   STURMC@aol.com

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct ~~and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on~~ _5-7-19_ (month, date, year).

Executed (signed) on _5-9-19_ (date).

Signature of Petitioner

I declare (or certify, verify, or state) under penalty of perjury that I have been notified that I must include in this petition all the grounds for relief from the conviction or sentence that I challenge, and that I must state the facts that support each ground. I also understand that if I fail to set forth all the grounds in this petition, I may be barred from presenting additional grounds at a later date.

Executed (signed) on _____ (date)

Signature of Petitioner _____

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.



IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

I. DEAN FULTON,                          : C.A. No.  **19    2295**
DOC#LJ-7069
SCI Frackville                           :
1111 Altamont Boulevard
Frackville, PA 17931,

       Petitioner                        :

       v.                                :

                                    :

Warden SCI Frackville,
                                     :

Attorney General,
Commonwealth of Pennsylvania
                                   :

District Attorney,
Philadelphia County

       Respondents                       :

## MEMORANDUM OF LAW SUPPORTING PETITION
## FOR HABEAS CORPUS UNDER 28 U.S.C. 2254

    **I. DEAN FULTON** hereby petitions this Honorable Court to grant habeas

corpus pursuant to 28 U.S.C. Section 2254 for the following reasons:

1. The conviction was obtained and/or sentence imposed in violation of the Sixth Amendment to

the Constitution of the United States, including but not limited to, the right to effective assistance

of counsel at all critical stages, the right to have all disputed facts submitted to and decided by

the jury, and the right to have the jury properly and completely instructed on all elements of

aggravated assault.[1]

---

[1] The Sixth Amendment provides, in pertinent part, as follows: "In all criminal prosecutions, the
accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and

2. The conviction was obtained and/or sentence imposed in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States, specifically the evidence was insufficient to sustain the verdict on aggravated assault, the jury was not completely and accurately instructed on all elements of aggravated assault, including the application of *Commonwealth v. Fowlin,* 551 PA 414, 710 A2d 1130 (PA 1998) informing the jury that the defendant is not legally responsible for aggravated assault if he acts in self-defense and shoots a bystander, and the trial court's refusal to give the *Fowlin* instruction which denied a fair jury trial where the jury and not the judge makes all critical decisions.[2]

## I. INCORPORATION BY REFERENCE

The facts set forth in the in the 2254 form are incorporated by reference herewith as if set forth at length hereat.

## II. BACKGROUND

I. Dean Fulton, Jr. (" Fulton") was charged in an information with criminal homicide in connection with the death of Dominique Jenkins ("Jenkins") and aggravated assault in connection with the shooting of Lamar Henderson ("Henderson"). He also was charged with

---

district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."

[2] The Fifth Amendment provides, in pertinent part, as follows: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury...nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty or property, without due process of law... The Fourteenth Amendment provides, in pertinent part, as follows: "...No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

violations of the Uniform Firearms Act ("VUFA"), and possession of an instrument of crime ("PIC").

On October 17, 2014, following a jury trial, Mr. Fulton was acquitted of criminal homicide on a theory of justification (self-defense)[3] but convicted of aggravated assault in violation of 18 PACSA 2702(a)(1), VUFA in violation of 18 PACSA 6106, VUFA in violation of 18 PACSA 6108, and PIC in violation of 18 PACSA 907. [4]

On February 11, 2015, Mr. Fulton was sentenced to seven (7) to (14) years for the aggravated assault, and a consecutive two (2) to four (4) years for the VUFA 6106. There was no further penalty for the VUFA 6108 conviction, and no further penalty for the PIC. The aggregate sentence was 9-18 years' imprisonment. [RR. 221].

On February 18, 2015, Mr. Fulton's post sentence motions were summarily denied.

On May 4, 2016, the Superior Court affirmed. *Commonwealth v. Fulton*, 2016 PA Super. Unpub. Lexis 1484 (May 4, 2016) 768 EDA 2015 ["Superior Court's Opinion"]. On appeal, Mr. Fulton presented the following issues:

---

[3] The trial judge insisted that Mr. Fulton was acquitted of the killing of Dominique Jenkins on a theory of justification/self-defense. [RR. 219] There was no other explanation for the acquittal. Mr. Henderson identified Mr. Fulton as the shooter. Mr. Adams gave a statement indicating Mr. Fulton confessed to shooting Jenkins in self-defense but not "MarMar" a/k/a Henderson. [RR. 219]. The trial judge gave an instruction on self-defense based on Eric Adams' statement which was admitted as substantive evidence.

[4] The facts in *Commonwealth v. Fulton*, 2016 PA Super. Unpub. Lexis 1484 (PA Super. 2016) should be disregarded. The facts are not supported by the trial record. The facts stated in the appellate opinion include the following materially false representations copied from the trial court's 1925(a) opinion: "Henderson was not in the line of fire of [Appellant's] gun when he shot the decedent in the forehead. The decedent was on the ground and [Appellant] intentionally shot Henderson as he was running away." These statements are contrary to the trial record and not the trial court's opinion. Clearly, the record consists of the trial transcript of Henderson's testimony which indicates Henderson was standing between Fulton and Jenkins when he was shot [RR. 168-169]. Henderson testified that he tried to run away but could not because he was shot during the self-defense shooting of Jenkins. [RR. 154] ["The abbreviation "RR" is a reference to the Reproduced Record submitted to the Superior Court and the Supreme Court].

I. Whether the trial court erred when it denied [Appellant's] motion for judgment of acquittal?

II. Whether the trial court erred and denied due process guaranteed by the Fourteenth Amendment when it denied the motion for a new trial on the charge of aggravated assault since the jury was not informed that [Appellant] was entitled to be acquitted of aggravated assault if the jury found that he shot Jenkins in self-defense and Henderson was unintentionally shot as a bystander?

III. Whether the trial court erred when it denied the motion for a new trial based on ineffective assistance of trial counsel?

IV. Whether the evidence was sufficient to establish aggravated assault beyond a reasonable doubt?

The Superior Court's Opinion stated that the evidence taken in the light most favorable to the Commonwealth as the verdict winner was sufficient to sustain the conviction for aggravated assault. (Superior Court's Opinion at p. 14); that the defense attorneys' failure to object to the trial court's omission of the *Fowlin* instruction was "waived" as a result of trial counsels' failure to preserve the issue; (Superior Court's Opinion at pp. 16-17); that the related ineffective assistance of counsel claims had to be deferred to collateral review. (Superior Court's Opinion at p. 19). The Opinion also took the position that trial counsel "was obligated to object following the jury charge and before the jury retired to deliberate in order to give the trial court an opportunity to correct any mistakes and the failure to do so resulted in a waiver of the issue on appeal." (Superior Court's Opinion, at page 17, footnote 4).

On October 25, 2016, the PA Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Fulton*, 2016 PA Lexis 2415 (October 25, 2016).

On January 31, 2017, Petitioner filed a pro-se PCRA petition. Mr. Fulton's counseled

PCRA petition presented a *Strickland* [5]based claim of ineffective assistance of counsel ("IAC")

and it expanded the record with Attorney Silverstein's sworn statement.[6] [RR. 58-92]. It also

alleged a denial of due process of law arising from the failure to give the jury the *Fowlin*

instruction.

Mr. Silverstein's sworn statement, which remains unchallenged to this day and which

must be accepted as true for purposes of the motion to dismiss, established all elements of a

*Strickland* based claim of ineffective assistance of trial counsel ("IAC"). [RR. 92]. Mr.

Silverstein's statement established (1) an issue of arguable merit, to wit, the failure to make a

timely objection to the omission of the instruction which, on the facts of this case, was required

by *Commonwealth v. Fowlin*, 551 PA 414, 710 A2d 1130 (PA 1998), (2) the absence of a

reasonable strategic basis for failing to object after the trial judge charged the jury but before the

jury retired to deliberate, and (3) a reasonable probability the jury would have acquitted of

---

[5]*Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) established the now familiar two-pronged standard for claims of ineffective assistance of counsel ("IAC") which includes proof of deficient performance and prejudice. *Strickland* stated that an IAC claim requires the reviewing court to consider the **"totality of the evidence"** before the judge or the jury. *Strickland* constitutes clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Nevertheless, the Commonwealth uses a three-pronged standard, which it consistently maintains is the same as the two pronged *Strickland* standard even though it is not the same. *Commonwealth v. Roney*, 79 A3d 595, 604 (PA 2013) states that an IAC claim consists of three elements, to wit, that: (1) the underlying claim has arguable merit; (2) no reasonable basis for trial counsel's action or inaction; (3) prejudice from counsel's action or inaction. *Roney* states that "we will conclude that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success greater than the course actually pursued." *Roney, supra* at 604.

[6] At trial, Mr. Fulton was represented by Attorneys Arnold Silverstein and Larry Krasner (now the District Attorney of Philadelphia County). The trial judge arbitrarily and capriciously for no good reason required Silverstein and Krasner to divide responsibilities. Mr. Silverstein made the opening statement and conducted much of the cross-examination. Mr. Krasner gave the closing argument and was responsible for making appropriate and timely objections to the jury instructions.

acquittal of aggravated assault had the objection been made. [RR. 92]. Obviously, if a timely objection had been made, it would have presented Fulton with some chance of success on appeal whereas the failure to object waived the issue and left Fulton with no chance of success on appeal.

Prejudice from the IAC included the loss of the following substantive and procedural rights:

(A) denial of the right to have the jury determine all material facts (elements) necessary to decide guilt or innocence of aggravated assault. *Commonwealth v. Johnson*, 910 A2d 60, 67-68 (PA Super. 2006)[findings of fact are exclusively within the province of a properly instructed jury using standard of proof beyond a reasonable doubt] citing *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) which held that elements of a criminal offense must be stated in the charging instrument, submitted to a jury and proven beyond a reasonable doubt. See also: *Commonwealth v. Barnes*, 167 A3d 110 (PA Super 2017), *Commonwealth v. Bickerstaff*, 2019 PA Super. 51 (PA Super. 2019). and *Apprendi v. New Jersey*, 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) [criminal offense must be stated in the indictment, submitted to a jury and proven to satisfaction of a jury beyond a reasonable doubt]

(B) denial the right to appeal the legal error arising from the trial court's omission of the *Fowlin* instruction. *Government of Virgin Islands v. Forte*, 865 F2d 59, 64 (3d Cir. 1989) [Recognized that *Strickland* prejudice arises from trial counsel's failure to preserve viable appellate issue], *Nguyen v, AG of New Jersey*, 832 F3d 455, 468 (3d Cir. 2016)[Same].

On August 16, 2017, the Commonwealth filed a motion to dismiss the PCRA petition pretending it was oblivious to Mr. Silverstein's sworn statement that Mr. Krasner should have

objected to the omission of the *Fowlin* instruction after the charge but before the jury retired. [RR. 92].

On September 21, 2017, the PCRA Court issued a 907 notice indicating its intent to summarily deny the PCRA petition. The PCRA Court heard argument but refused to let the facts get in the way of her decision. She stated that she would not have given the *Fowlin* instruction even if trial counsel had objected to the omission of the instruction. [RR. 227]. The PCRA Judge insisted that Henderson was shot intentionally while running away even though that position is contrary to the facts set forth in the trial transcript. [RR. 154, 168-169].[7]

The PCRA Court issued a 907 Notice of Intention to dismiss. On October 10, 2017, Mr. Fulton filed a response opposing the Rule 907 Notice. [RR. 124-149].

On November 2, 2017, the PCRA Court denied the petition. [RR. 57].

On November 13, 2017, Mr. Fulton filed a timely notice of appeal. [RR. 55]

On August 30, 2018, the Superior Court affirmed. *Commonwealth v. Fulton*, 3614 EDA 2017.

On April 30, 2019, the PA Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Fulton*, 513 EAL 2018.

## III. THE INSTANT HABEAS CORPUS PETITION IS TIMELY

28 U.S.C. 2241(d)(1) reads, in pertinent part, as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[7] The prosecutor made this argument during her closing even though it was contrary to the record. [RR. 189]. Trial counsel should have objected to the prosecution's attempt to mislead the jury with her alternative reality.

(B) the date on which the impediment to filing the application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-134, 110 Stat. 1214 (1996) [the "AEDPA"] was signed into law on the afternoon of April 24, 1996.

On October 25, 2016, the PA Supreme Court denied the petition for allowance of appeal. Petitioner did not file a petition for certiorari, so his conviction became "final" ninety (90) days after October 25, 2016 or January 24, 2017. *Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003). The AEDPA clock stopped on January 31, 2017 when the Petitioner filed a pro-se PCRA petition after the passage of 7 days leaving 358 days in which to make a timely filing. The AEDPA time clock did not start to run again until April 30, 2019 when the PA Supreme Court denied *allocatur* in connection with the PCRA petition.

The instant habeas corpus petition is filed well within the one-year statute of limitations.

## IV. FEDERAL CONSTITUTIONAL ISSUES WERE FAIRLY PRESENTED TO STATE COURT SYSTEM IN A FEDERAL FORMAT

*Galdamez v. Keane,* 394 F3d 68, 72 (2d Cir. 2005) reads, in pertinent part, as follows:

Comity concerns lie at the core of the exhaustion requirement.
As the Supreme Court explained,

State Courts, like federal courts, are obliged to
enforce federal law. Comity thus dictates that when
a prisoner alleges that his continued confinement for
a state court conviction violates federal law, the state courts
should have the first opportunity to review this claim and provide any
necessary relief. This rule of comity reduces friction between the state and
federal court systems by avoiding the unseemliness of a federal district
court's overturning a state court conviction without the state courts having
an opportunity to correct the constitutional violation in the first place.
*O'Sullivan* 526 U.S. at 844, 119 S.Ct. 1728

*Jackson v. Edwards*, 404 F3d 612, 618 (2d Cir. 2005) defines exhaustion and fair

presentation requirements as follows:

To be eligible for habeas relief, the substance of Jackson's
Fourteenth Amendment due process claim must have been
exhausted, that is, it must have been "fairly presented" to the
appropriate state appellate court. *Picard vs. Connor*, 404 U.S. 270,
275-278, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). Normally, for
exhaustion to occur, a petitioner must satisfy one of the four
prongs of *Daye v. Attorney General*, 696 F2d 186, 194 (2d Cir.
1982)(en banc). Under *Daye*, a petitioner who does not cite
"chapter and verse" may nonetheless "fairly present to the state
courts the constitutional nature of the claim" through: (a) reliance
on pertinent federal cases employing constitutional analysis; (b)
reliance on state cases employing constitutional analysis in like
fact situations; (c) assertion of the claim in terms so particular as to
call to mind a specific right protected by the Constitution, and (d)
allegation of a pattern of facts that is well within the mainstream of
constitutional litigation.

*Dye v. Hofbauer*, 546 U.S. 1, 126 S.Ct. 5, 163 L.Ed.2d 1 (2005) involved an application

for habeas corpus under 28 U.S.C. Section 2254 (habeas corpus by a prisoner subject to a state

court judgment). The Supreme Court ruled that the prisoner is considered to have exhausted state

remedies if he informs the state court that the state court ruling not only violates state law but

also federal law. The Court stated that the federal claim is exhausted even if the state court system ignores it.

In the present case, the Petitioner's pleadings alleged facts and legal arguments well within the mainstream of federal constitutional litigation. The substance of the federal claims were presented to the state's highest court in a federal format. The issues were fairly presented, and thus, "exhausted."

## V. THE STANDARD OF REVIEW

28 U.S.C. 2254(d)(1) reads, in pertinent part, as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "unreasonable" where, as here, it is not supported by the record, which consists of the trial transcripts. *Commonwealth v. Africa*, 353 A2d 855, 866 (PA 1976), *Commonwealth v. Stewart*, 2013 PA Super. Lexis3196 (PA Super. 2013)

Where the Pennsylvania state court system makes findings of fact contrary to the record, they are "unreasonable."

Where, as here, the Pennsylvania state court system relies on facts not supported by the record, the district court should disregard the State court system's findings of fact and start from scratch. *Everett v. Beard*, 290 F3d 500, 508 (3d Cir. 2002). "When, as here, AEDPA does not apply for that reason, the pre-AEDPA standards of review apply. Under that standard, a federal

habeas court owes no deference to a state court's resolution of mixed questions of constitutional law and fact." **Id.** at 508 citing ***Williams v. Taylor***, 529 U.S. 362, 400, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). In ***Williams***, Justice O'Connor stated, "we have always held that federal courts, even on habeas, have an independent obligation to say what the law is" citing ***Wright v. West***, 505 U.S. 277, 305, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992).

Here, the State court system's findings of fact and conclusions of law are not supported by the record; as such, the state court's findings of fact and conclusions of law are "unreasonable" and not entitled to deference.

## VI. GROUND ONE: THE CONVICTION WAS OBTAINED AND SENTENCE IMPOSED IN VIOLATION OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL ("IAC") AND THE SIXTH AMENDMENT RIGHT TO HAVE THE JURY DETERMINE ALL DISPUTED FACTS

I. Dean Fulton, Jr. (" Fulton") was charged with criminal homicide in connection with the death of Dominique Jenkins ("Jenkins") and aggravated assault in connection with the near simultaneous shooting of Lamar Henderson ("Henderson"). He also was charged with violations of the Uniform Firearms Act ("VUFA"), and possession of an instrument of crime ("PIC").

On October 17, 2014, following a jury trial, Mr. Fulton was acquitted of criminal homicide on a theory of justification (self-defense)[8] but convicted of aggravated assault in violation of 18 PACSA 2702(a)(1), VUFA in violation of 18 PACSA 6106, VUFA in violation of 18 PACSA 6108, and PIC in violation of 18 PACSA 907. [9]

---

[8] The trial judge has insisted that Mr. Fulton was acquitted of homicide on a theory of justification/self-defense. [RR. 219] This was logical because there was no other explanation for the acquittal. Mr. Henderson identified Mr. Fulton as the shooter. Mr. Adams gave a statement indicating Mr. Fulton confessed to shooting Jenkins in self-defense. The trial judge gave an instruction on self-defense based on Eric Adams' statement which was admitted as substantive evidence. [RR. 219]

[9] The facts in the Superior Court's appellate opinion should be disregarded because they are not supported by the trial transcript. The facts in the appellate opinion include the following

On February 11, 2015, Mr. Fulton was sentenced to seven (7) to (14) years for the aggravated assault, and a consecutive two (2) to four (4) years for the VUFA 6106. There was no further penalty for the VUFA 6108 conviction, and no further penalty for the PIC. The aggregate sentence was 9-18 years' imprisonment. [RR. 221].

On February 18, 2015, Mr. Fulton's post sentence motions were summarily denied.

On March 16, 2015, Mr. Fulton filed the notice of appeal.

On May 4, 2016, the Superior Court affirmed. *Commonwealth v. Fulton*, 2016 PA Super. Unpub. Lexis 1484 (May 4, 2016) 768 EDA 2015 ["Superior Court's Opinion"]. On appeal, Mr. Fulton presented the following issues:

I. Whether the trial court erred when it denied [Appellant's] motion for judgment of acquittal?

II. Whether the trial court erred and denied due process guaranteed by the Fourteenth Amendment when it denied the motion for a new trial on the charge of aggravated assault since the jury was not informed that [Appellant] was entitled to be acquitted of aggravated assault if the jury found that he shot Jenkins in self-defense and Henderson was unintentionally shot as a bystander?

III. Whether the trial court erred when it denied the motion for a new trial based on ineffective assistance of trial counsel?

---

materially false statements copied from the trial court's 1925(a) opinion: "Henderson was not in the line of fire of [Appellant's] gun when he shot the decedent in the forehead. The decedent was on the ground and [Appellant] intentionally shot Henderson as he was running away." All of these statements are contrary to the trial record manufactured by the trial judge to avoid the unpleasant duty of reversing the conviction for aggravated assault. Clearly, when the trial court's opinion is contrary to the trial transcript, the trial transcript controls. Here, the trial transcript indicates Henderson was standing between Fulton and Jenkins when he was shot [RR. 168-169]. Henderson testified that he tried to run away but could not because he was shot during the self-defense shooting of Jenkins. [RR. 154]

IV. Whether the evidence was sufficient to establish aggravated assault beyond a reasonable doubt?

The Superior Court's Opinion stated that the evidence taken in the light most favorable to the Commonwealth as the verdict winner was sufficient to sustain the conviction for aggravated assault. (Superior Court's Opinion at p. 14); that the defense attorneys' failure to object to the trial court's omission of the *Fowlin* instruction was "waived" as a result of trial counsels' failure to preserve the issue; (Superior Court's Opinion at pp. 16-17); that the related ineffective assistance of counsel claims had to be deferred to collateral review. (Superior Court's Opinion at p. 19). The Opinion also took the position that trial counsel "was obligated to object following the jury charge and before the jury retired to deliberate in order to give the trial court an opportunity to correct any mistakes and the failure to do so results in a waiver of the issue on appeal." (Superior Court's Opinion, at page 17, footnote 4).

On October 25, 2016, the PA Supreme Court denied the petition for allowance of appeal. *Commonwealth v. Fulton*, 2016 PA Lexis 2415 (October 25, 2016). The conviction became final January 24, 2017.

## B. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

On January 31, 2017, Mr. Fulton filed a pro-se PCRA petition. Fulton's counseled PCRA petition presented a *Strickland* [10]based claim of ineffective assistance of counsel ("IAC")

---

[10]*Strickland v. Washington*, 466 U.S. 668, 695, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) established the now familiar two-pronged standard for claims of ineffective assistance of counsel ("IAC") which includes proof of deficient performance and prejudice. *Strickland* stated that an IAC claim requires the reviewing court to consider the **"totality of the evidence"** before the judge or the jury. *Strickland* constitutes clearly established federal law. *Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Nevertheless, the Commonwealth uses a three pronged standard, which it consistently maintains is the same as the two pronged *Strickland* standard. *Commonwealth v. Roney*, 79 A3d 595, 604 (PA 2013) states that an IAC claim consists of three elements, to wit, that: (1) the underlying claim has arguable merit; (2) no reasonable basis for trial counsel's action or inaction; (3) prejudice from counsel's action or

claiming deficient performance and prejudice. It expanded the record with Attorney Silverstein's sworn statement.[11] It also presented due process violations.

Mr. Silverstein's sworn statement, which remains unchallenged and which must be accepted as true for purposes of the motion to dismiss, established all elements of a *Strickland* based claim of ineffective assistance of trial counsel ("IAC"). [RR. 92]. Mr. Silverstein's statement established (1) an issue of arguable merit, to wit, the failure to make a timely objection to the omission of the instruction which, on the facts of this case, was required by *Commonwealth v. Fowlin*, 551 PA 414, 710 A2d 1130 (PA 1998)[sometimes called a "Fowlin instruction"], (2) no reasonable strategic basis for failing to make the objection after the trial judge charged the jury but before the jury retired to deliberate, and (3) a reasonable probability the jury would have acquitted of aggravated assault had the objection been made. [RR. 92]. Moreover, if a timely objection had been made, it would have presented Fulton with some chance of success on appeal whereas the absence of an objection waived the issue and left Fulton with no chance of success on appeal.

Prejudice from the IAC included the loss of the following substantive and procedural rights:

(A) denial of the right to have the jury determine all material facts necessary to decide guilt or innocence of aggravated assault. *Commonwealth v. Johnson*, 910 A2d 60, 67-68 (PA

---

inaction. *Roney* states that "we will conclude that counsel's strategy lacked a reasonable basis only if the petitioner proves that a foregone alternative "offered a potential for success greater than the course actually pursued." *Roney, supra* at 604.

[11] At trial, Mr. Fulton was represented by Attorneys Arnold Silverstein and Larry Krasner (now the District Attorney of Philadelphia). The trial judge arbitrarily and capriciously required Silverstein and Krasner to divide responsibilities. Mr. Silverstein made the opening statement and conducted much of the cross-examination. Mr. Krasner gave the closing argument and was responsible for making appropriate and timely objections to the jury instructions.

Super. 2006)[findings of fact are exclusively within the province of a properly instructed jury using standard of proof beyond a reasonable doubt] citing *Jones v. United States*, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) which held that elements of a criminal offense must be stated in the charging instrument, submitted to a jury and proven beyond a reasonable doubt. See also: *Commonwealth v. Barnes*, 167 A3d 110 (PA Super 2017), *Commonwealth v. Bickerstaff*, 2019 PA Super. 51 (PA Super. 2019) and *Apprendi v. New Jersey*, 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) [criminal offense must be stated in the indictment, submitted to a jury and proven to satisfaction of a jury beyond a reasonable doubt] (B) denial the right to appeal the legal error arising from the trial court's omission of the *Fowlin* instruction. *Government of Virgin Islands v. Forte*, 865 F2d 59, 64 (3d Cir. 1989) [Recognized that *Strickland* prejudice arises from trial counsel's failure to preserve viable appellate issue], *Nguyen v, AG of New Jersey*, 832 F3d 455, 468 (3d Cir. 2016)[Same].

The Superior Court affirmed. *Commonwealth v. Fulton*, 3614 EDA 2017.

I. Whether trial counsel was constitutionally ineffective for failing to object to the trial court's failure to give a Fowlin instruction when the trial record was sufficient to support the instruction and the failure to object to its omission deprived Fulton of the Sixth Amendment right to have the jury make all findings of fact regarding aggravated assault, and waived the right to appeal the omission?

II. Whether the PCRA court denied the Sixth Amendment right to a jury trial when she manufactured findings of fact patently contrary to the record and, in any event, within the exclusive province of the jury?

III. Whether the PCRA Court denied due process when she failed to hold a hearing requested on the PCRA petition?

The Supreme Court denied the petition for allowance of appeal.

The PCRA Court's decision is unsustainable because it is contrary to the record. Likewise, the Superior Court's decision is unsustainable because it is contrary to the record. Likewise, the PA Supreme Court's decision is unsustainable because it is contrary to the record.

The record consists of the trial transcripts indicating Henderson was standing between Fulton and Jenkins when he (Henderson) was shot. *Commonwealth v. Africa*, 353 A2d 855, 866 (PA 1976), *Commonwealth v. Stewart*, 2013 PA Super. Lexis 3196 (PA Super. 2013)[Where trial court's opinion conflicts with trial transcripts, the trial transcripts control. Therefore, Fulton was entitled to an instruction that it should acquit him of aggravated assault if it found that he shot Jenkins in self-defense, and Henderson was in the line of fire when Fulton shot Jenkins.

The trial judge should have given the *Fowlin* instruction. Trial counsel had no reasonable basis not to object to the trial court's failure to give the *Fowlin* instruction. If the *Fowlin* instruction had been given, there was a reasonable probability of an acquittal on the charge of aggravated assault.

## C. DENIAL OF THE SIXTH AMENDMENT RIGHT TO HAVE THE JURY DECIDE ALL MATERIAL FACTS

Prejudice from the IAC for failure to object to the missing *Fowlin* instruction included (A) denial of the Sixth Amendment right to have the jury determine all disputed facts necessary to decide guilt or innocence of aggravated assault as required by *Sullivan v. Louisiana*, 508 U.S. 275, 277-78, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993), *Apprendi v. New Jersey*, 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Commonwealth v. Barnes*, 167 A3d 110 (PA Super 2017) citing *Commonwealth v. Johnson*, 910 A2d 60, 67 (PA Super. 2006), *Commonwealth v. Bickerstaff*, 2019 PA Super. 51 (PA Super. 2019)[findings of fact are

exclusively within the province of a properly instructed jury using standard of proof beyond a

reasonable doubt]; (B) waiver of the right to appeal the omission of the *Fowlin* instruction.

*Government of Virgin Islands v. Forte*, 865 F2d 59, 64 (3d Cir. 1989) [Recognizing *Strickland*

prejudice from trial counsel's failure to preserve viable appellate issue], *Showers v. Beard*, 635

F3d 625, 634 (3d Cir. 2011)[IAC for failure to raise good issue on appeal]

## VII. GROUND TWO: THE CONVICTION WAS OBTAINED AND SENTENCE IMPOSED IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AND FOURTEENTH AMENDMENTS

A. It is well-established that federal habeas corpus will not be granted based on an error of state

law unless the state law violations render the trial fundamentally unfair in violation of due

process. *Estelle vs. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).

In this case, the PCRA Court's opinion and the Superior Court's decision affirming it and

the Supreme Court's decision affirming the Superior Court represent a radical and indefensible

departure from the rule that if the facts set forth in the trial transcript conflict with or in

opposition to the facts in an opinion of the court, the facts in the transcript take precedence.

*Commonwealth v. Africa*, 466 PA 603, 353 A2d 855 (PA 1976). As the Superior Court stated in

*Commonwealth v. Stewart*, 84 A3d 701, 710 (PA Super. 2013), "If a trial court were to state that

a witness said that it was snowing, when the transcript shows that the witness stated it was

raining, we would be bound by the facts in the transcript."

## B. CLASHES BETWWEEN THE FACTS IN THE TRIAL TRANSCRIPT VS. FACTS IN THE SUPERIOR COURT OPINION

Jenkins received a telephone call from Mr. Fulton while they were at a store at 61st and

Buist. [Tr. 131, 159]. Jenkins asked Henderson to go with him to meet Fulton, a/k/a "Reds." [Tr.

159]. They met Mr. Fulton and Steven Jorden at 62nd and Buist, exchanged handshakes, and

then walked down to 62nd and Chelwynde to exchange guns. [Tr. 131-132]. Jenkins pulled the gold and black collateral gun and Mr. Fulton pulled the silver gun and started shooting. [Tr. 132-133]. Mr. Fulton shot Jenkins at point blank range and then shot Henderson. [Tr. 133-134, 162, 167]. **Henderson saw Dom fall. [Tr. 134, 284].[12] He screamed for help. [Tr. 134]. He tried to run away but he could not do it because he was shot. [Tr. 134]. Henderson stated that he was standing between Fulton and Jenkins when he was shot. [Tr. 192].**

The PCRA court and later the Superior Court Opinion state that Henderson was shot while running away. [Superior Court Opinion at page 2]. The Superior Court states that Henderson, Jenkins and Fulton were standing in a triangle. [Superior Court Opinion at page 9].

Clearly, the trial transcript contradicts the PCRA Court's Opinion and the Superior Court's Opinion on at least three key points.

First, **Henderson was standing between Mr. Jenkins and Mr. Fulton** when the shooting started. [Tr. 192-193].

MR. SILVERSTEIN. A few moments ago, you said you were standing between the person you are identifying as I Dean Fulton and the person you are saying is Dominique Jenkins, am I right about that, sir?

MR. HENDERSON. Yes. [Tr. 192-193].

Henderson was shot twice, once in the leg and once in the buttocks. [Tr. 134-135] while standing between Fulton and Jenkins. [Tr. 192-193]

---

[12] Whether Henderson was a bystander shot while Fulton was acting in self-defense was an issue for resolution by a properly instructed jury using the standard of beyond a reasonable doubt. See, for example, ***Kubsch v. Neal***, 838 F3d 845, 861 (7th Cir. 2016) (en banc) which reversed a conviction for triple murder stating," All we are saying is that the jury should have been given the chance to evaluate this case based on all the evidence, rather than on the basis of a truncated record that omitted the strongest evidence the defense had."

Second, Henderson was shot at the same time Jenkins was shot. The prosecutor asked:

**At what point did you get shot? Henderson replied: When he started shooting. Tr. 134][13]**

Third, Henderson could not run away because he had been shot. [Tr. 134].

The PCRA Court's Opinion and the Superior Court's Opinion must be rejected because they contradict the trial transcripts which takes precedence over the courts' opinion where there is a conflict.

## VIII. THE SUPERIOR COURT'S OPINION VIOLATES THE SIXTH AMENDMENT RIGHT TO A TRIAL BY JURY ON ALL ELEMENTS OF THE CHARGE OF AGGRAVATED ASSAULT

## A. INASMUCH AS THE TRIAL TRANSCRIPT TAKES PRECEDENCE OVER THE COURT OPINIONS THAT CONFLICT WITH THE TRANSCRIPT, THEN PETITIONER WAS ENTITLED TO THE FOWLIN INSTRUCTION

The trial transcript indicates Henderson was standing between Fulton and Jenkins when he was shot. [Tr. 168]. Henderson was shot at the same time Jenkins was shot. [Tr. 133-134]. The PCRA Court and the Superior Court were required to adopt the facts in the trial transcript.

The PCRA Court had an obligation to rely on the facts in the trial transcript and give the instruction required by **Commonwealth v. Fowlin**, 551 PA 414, 710 A2d 1130 (PA 1998)[14]

---

[13] It should be noted that the PCRA is not part of the appellate process where the facts are reviewed in the light most favorable to the State. When reviewing a claim ineffective assistance of counsel ("IAC"), the Court must consider all of the facts. **Strickland**, 466 U.S. at 695. The PCRA judge is not at liberty to change the trial transcript which, in this case, indicates that Henderson was standing between Fulton and Jenkins when he was shot.

[14] In **Commonwealth v. Ford-Bey**, 472 A2d 1062 (PA 1984) the PA Supreme Court reversed a conviction for attempted murder based on inadequate jury instructions on all elements of murder. The Court stated, "In charging a jury, it is the primary duty of the trial judge to clarify the issues so that the jury may understand the questions to be resolved." **Commonwealth v. Beach**, 438 PA 37, 40, 264 A2d 712, 714 (1970) "Because jury instructions are the principal medium for communicating to the jury the legal basis upon which its verdict is to rest, they should be clear,

which applies in this kind of situation where "a person who recklessly injures a third party bystander while using justifiable force in self-defense may not be held criminally liable for injury to the bystander." ["*Fowlin instruction*"]

In *Fowlin*, the defendant was present in a nightclub armed with a handgun. Three men, two with handguns, accosted Fowlin. One sprayed pepper gas in Fowlin's eyes. At about the same time, a second man drew a handgun. Fowlin drew his own handgun and fired at least seven times. He killed the assailant who drew the gun, wounded one of the others, and wounded a bystander. At the time of the shooting, two hundred people were in the nightclub. Fowlin was not charged with homicide, because it was agreed that he fired in justifiable self-defense. Nevertheless, he was charged with reckless endangerment in violation of 18 PACSA 2705 and aggravated assault with respect to the bystander in violation of 18 PACSA 2702(a)(1) and (4). He filed a petition for habeas corpus. The trial judge denied it. The Superior Court affirmed. The Pennsylvania Supreme Court reversed. The Supreme Court began by stating the following which it described as the majority rule: "[W]hen one acts in self-defense, the inadvertent death or injury of a bystander does not result in criminal liability with respect to the actor." *Id.* at 416. The Court stated that one may not be liable for crimes involving recklessness if the alleged recklessness occurs in the course of justifiable self-defense.

Petitioner was entitled to the *Fowlin* instruction because the facts set forth in the trial transcript make it probable that the jury acquitted Petitioner on a theory of self-defense and would have acquitted him of aggravated assault if given the *Fowlin* instruction. These were determinations for a properly instructed jury and not for a judge.

---

concise, accurate and impartial statements of the law written in understandable language and delivered in conversational tone which will be of helpful guidance to the jury." *Ford-Bey*, 472 A2d at 1064-1065.

**B. DENIAL OF THE FOWLIN INSTRUCTION DENIED PETITIONER THE SIXTH AMENDMENT RIGHT TO TRIAL BY A PROPERLY INSTRUCTED JURY**

The PCRA Court's Opinion and the Superior Court's Opinion affirming the PCRA Court's Opinion resulted in a denial of the following constitutional rights: (1) the Sixth Amendment right to a jury trial where a properly instructed jury decides all disputed facts *Sullivan, supra, Apprendi v. New Jersey*, 530 U.S. 466, 490,120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Commonwealth v. Barnes*, 167 A3d 110 (PA Super 2017) citing *Commonwealth v. Johnson*, 910 A2d 60, 67 (PA Super. 2006), *Commonwealth v. Bickerstaff*, 2019 PA Super 51 (PA Super. 2019).

Findings of disputed fact are exclusively within the province of a properly instructed jury using standard of proof beyond a reasonable doubt. (2) fair consideration of the Sixth Amendment claim that Petitioner was denied the right to effective assistance of counsel arising from trial counsel's failure to object to the trial court's omission of the *Fowlin* instruction after the jury had been charged but before it retired to deliberate.

If the omission of the *Fowlin* instruction issue had been preserved, Petitioner could have had the issue considered on direct appeal.

**C. DENIAL OF THE FOWLIN INSTRUCTION DENIED PETITIONER FAIR CONSIDERATION OF HIS CLAIM THAT HE WAS DEPRIVED OF THE SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL**

Trial counsel should have objected to omission of the *Fowlin* instruction after the jury was charged but before it retired to deliberate. The failure to object to omission of the *Fowlin* instruction satisfies the deficient performance prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There was no strategic reason for the failure to object. If

the objection had been made, there was a reasonable probability of an acquittal because the evidence was insufficient to prove all elements of aggravated assault beyond a reasonable doubt.

*Commonwealth v. Townsell*, 474 PA 563, 569, 379 A2d 98, 101 (1977) says, "When a contention which is not patently frivolous is abandoned, the decision to do so must be justified by some reasonable basis intended to inure to the client's benefit."

In this case, the failure to object was not trial strategy. There was no imaginable benefit to Mr. Fulton arising from trial counsel's failing to object to the trial court's omission of the *Fowlin* instruction. No reasonable lawyer would have failed to object to the omission after the judge gave the instruction on self-defense.

The *Fowlin* instruction issue was discussed in a chambers conference [Silverstein's sworn statement]. When the instruction was not given, there was no reason for a failure to object to the omission. [Silverstein's sworn statement].

There was a "reasonable probability" that Fulton would not have been convicted of aggravated assault on Henderson if the jury had been given a *Fowlin* instruction. With respect to the aggravated assault, Henderson's testimony established that he (Henderson) was standing between Fulton and Jenkins when he was shot [Tr. 192-193], and that the shots were fired at Jenkins and Henderson at the same time. [Tr. 134]. On these facts, it was crucial that the jury be informed about *Fowlin* and given a *Fowlin* instruction because the concept is not obvious to a lay person. Accordingly, the jury should have been instructed that Fulton could not be held legally responsible for shooting Henderson while acting in self-defense from the assault by Jenkins. If so instructed, there was a reasonable probability the jury would not have convicted Fulton of aggravated assault. The "reasonable probability" test is not a stringent one. *Grant v. Lockett,* 709 F3d 224, 238 (3d Cir. 2013).

The Supreme Court's order denying allocatur, the Superior Court's Opinion and the PCRA Court's Opinion must be rejected because they are not supported by the record and are not free from factual error and legal error.

Based on the facts in the trial transcripts, Fulton was entitled to the *Fowlin* instruction and the failure to give it denied the right to a fair trial by a properly instructed jury guaranteed by the due process of law of the Fourteenth Amendment and the Sixth Amendment to the Constitution of the United States, and similar rights guaranteed by the PA Constitution.

## CONCLUSION

This Honorable Court should **grant** the writ because the State Court's decisions are not supported by the record. And, the decisions violate clearly established federal law.

Cheryl J. Sturm
Attorney-At-Law
387 Ring Road
Chadds Ford, PA 19317
484/771-2000